UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAY BAGLEY, JR., <br><br> Petitioner, <br><br> v. <br><br> ROSEMARY NDOH, Warden, <br><br> Respondent. | No. 2:17-cv-2213 MCE DB P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is a document filed by petitioner titled "Motion for stay and abeyance" that reads, in its entirety, "This is motion for a stay and abeyance, due to a new law signed by Governor Newsom, I need to go back to the superior court to exhaust an issue that will greatly affect my appeal." (ECF No. 15.)

A federal court may stay a habeas petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) / Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Rhines and King/Kelly set out different procedures and impose different requirements for obtaining a stay. Under Rhines, 544 U.S. at 277-78, a mixed federal habeas petition may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation. The

Rhines procedure has also been applied to wholly unexhausted federal habeas petitions. See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). Under King/Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King v. Ryan, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). A petitioner does not have to demonstrate good cause in order to obtain a Kelly stay. King, 564 F.3d at 1139-1140. Once the additional claims are exhausted in state court, petitioner is allowed to amend his federal habeas application so long as the claims are timely-filed or "relate back" to the exhausted claims in the stayed petition. See King, 564 F.3d at 1140-1141; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). The court may deny a request for stay under King/Kelly if the new claims would clearly be barred by the federal statute of limitations upon exhaustion. See King, 564 F.3d at 1141.

While petitioner's motion seems to seek a stay pursuant to King/Kelly since he seeks to exhaust a claim related to "a new law signed by Governor Newsom," the failure to include any other information regarding that "new law" makes it impossible for this Court to determine whether such a claim would be timely-filed or "relate back" to the exhausted claims.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 15) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2020

/DLB7;
DB/Inbox/Substantive/bagl2213.stay

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE